**CT Corporation**

**Service of Process Transmittal**
07/02/2018
CT Log Number 533618334

**TO:** Kathy Gibson
HCA Inc.
1 Park Plz Bldg 1-2W
Nashville, TN 37203-6527

**RE:** **Process Served in Tennessee**

**FOR:** HCA Healthcare, Inc. (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** JOHN DIFFENDERFER, PLTF. vs. HCA HEALTHARE, INC., DFT.

**DOCUMENT(S) SERVED:** SUMMONS(S), COMPLAINT, INTERROGATORIES, CERTIFICATE

**COURT/AGENCY:** 20th Judicial District Chancery Court of Nashville County, TN
Case # 18CI623

**NATURE OF ACTION:** Employee Litigation - Discrimination

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Knoxville, TN

**DATE AND HOUR OF SERVICE:** By Process Server on 07/02/2018 at 09:00

**JURISDICTION SERVED :** Tennessee

**APPEARANCE OR ANSWER DUE:** WITHIN 30 DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU

**ATTORNEY(S) / SENDER(S):** NINA H. PARSLEY
MICHAEL D. PONCE & ASSOCIATES, PLLC
400 PROFESSIONAL PARK DRIVE
GOODLETTSVILLE, TN 37072
615-851-1776

**ACTION ITEMS:** CT has retained the current log, Retain Date: 07/02/2018, Expected Purge Date: 07/12/2018

Image SOP

Email Notification, Kathy Gibson  kathy.gibson@hcahealthcare.com

Email Notification, Rachel Potash  Rachel.potash@hcahealthcare.com

Email Notification, Ivana Shallcross  ivana.shallcross@hcahealthcare.com

Email Notification, Rob Hendrix  Robert.Hendrix@hcahealthcare.com

**SIGNED:** C T Corporation System
**ADDRESS:** 300 Montvue RD
Knoxville, TN 37919-5546
**TELEPHONE:** 312-345-4336

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

COPY

JOHN DIFFENDERFER,

Plaintiff,

Vs.

HCA HEALTHCARE, INC.,

Defendant.

CIVIL ACTION
DOCKET NO. 18C1623

Method of Service:

☐ Davidson County Sheriff

☒ Out of County Sheriff - KNOX

☐ Secretary of State

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

To the above-named Defendant: HCA HEALTHCARE, INC. to be served through CT CORPORATION SYSTEM, 300 MONTVUE ROAD, KNOXVILLE, TN 37919-5546.

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.
In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-25-18

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: E L
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
|---|---|
| | 1000 Jackson Road, Ste. 225 |
| | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:
      Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

SHERIFF

If you have a disability and require assistance, please contact 862-5204.

**RETURN ON PERSONAL SERVICE OF SUMMONS**     JUL 0 2 2018

I hereby certify and return that on the _____ day of _____, 20_____, I:

☑ served this summons and complaint/petition on _____

*HCA Healthcare Inc.* _____ in the following manner:

**REFUSED**
**TO SIGN**

☐ failed to serve this summons within 90 days after its issuance because _____

_____ *N. Baird 2525* _____

_____
Sheriff/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket

_____ to the defendant, _____. On the _____ day of

_____ 20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.       PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
                                                       AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

**NOTICE**
TO THE DEFENDANT(S):
       Tennessee law provides a four thousand dollar ($10,000.00) debtor's equity interest     ATTACH
personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you     RETURN
must file a written list, under oath, of the items you wish to claim as exempt with the clerk of
the court. The list may be filed at any time and may be changed by you thereafter as necessary;  RECEIPT
however, unless it is filed before the judgment becomes final, it will not be effective as to any
execution or garnishment issued prior to the filing of the list. Certain items are automatically  HERE
exempt by law and do not need to be listed; these include items of necessary wearing apparel
(clothing) for yourself and your family and trunks or other receptacles necessary to contain such  (IF APPLICABLE)
apparel, family portraits, the family Bible, and school books. Should any of these items be seized,
you would have the right to recover them. If you do not understand your exemption right or how
to exercise it, you may wish to seek the counsel of a lawyer.

STATE OF TENNESSEE                    I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid,
COUNTY OF DAVIDSON                    do hereby certify this to be a true and correct copy of the original summons issued
                                      in this case.

(To be completed only if                    RICHARD R. ROOKER, CLERK
copy certification required.)

                                      By: _____ D.C.

FILED

COPY

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

RICHARD R. ROOKER, CLERK

JOHN DIFFENDERFER,

    Plaintiff,

v.

HCA HEALTHCARE, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 18C1623

JURY DEMAND

---

## COMPLAINT

Comes now the Plaintiff, John Diffenderfer, by and through his undersigned counsel, and for his Complaint against the Defendant, HCA Healthcare, Inc., the Plaintiff states as follows:

    1.    Plaintiff, John Diffenderfer, (hereinafter "Plaintiff") is a resident of Nashville, Davidson County, Tennessee.

    2.    Defendant HCA Healthcare, Inc. is a foreign for-profit corporation authorized to be and doing business in Nashville, Davidson County, Tennessee, where the allegations set forth in this complaint occurred, and may be served through its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, Knox County, Tennessee 37919-5546.

    3.    Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee.

## FACTUAL BACKGROUND

4.     The Plaintiff, John Diffenderfer, applied for the position of Digital Account Manager with the Defendant on or around August 2, 2017.

5.     The Plaintiff submitted a resume through a recruiter with a placement company to apply for this position.

6.     On or around August 7, 2017, the Plaintiff was informed by the recruiter that the Defendant did not deem him a viable candidate despite being told that he was qualified.

7.     When the Plaintiff asked for the Defendant's reasoning, the Plaintiff was advised that based on his online persona, agents from the Defendant company interpreted he did not "align with the culture" of the Defendant company.

8.     The Plaintiff is a pastor for the Mercy Collective.

9.     The Plaintiff practices and preaches a religion described as "Nashville's Messianic, Hebrew Roots congregation."

10.     As part of his religious beliefs and duties as a pastor, the Plaintiff writes and maintains a blog page that publishes articles concerning religious topics.

11.     This religious blog where he sometimes discussed social issues and intellectual quandaries within Christianity centered around explanations of the Plaintiff's religious beliefs.

12.     In his posts, the Plaintiff did not degrade, demean, or discriminate against any race, color, religion, gender or sexual orientation.

13.     The Plaintiff did not violate any tenets of free speech.

14.     Therefore, the allegations of the agents of the Defendant company that the Plaintiff does not "align with the culture" is illegal and improper and a pretext for the Defendant's decision not to hire the Plaintiff based on his religious beliefs.

15.     On or about August 7, 2017 the Defendant refused to hire the Plaintiff based upon his religious beliefs in violation of the Tennessee Human Rights Act pursuant to T.C.A. sec 4-21-101, *et seq.*; T.C.A. Sec. 4-21-301, *et.seq.*; T.C.A. Sec. 4-21-401, *et.seq.*

## COUNT 1
## RELIGIOUS DISCRIMINATION

16.     The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 15 above.

17.     At all times pertinent to this action, the Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14).

18.     At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4).

19.     In or about August 2017, the Plaintiff was subjected to discrimination by the Defendant's employees on the basis of his religion and religious views.

20.     The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to employment applicants who were similarly situated and/or applicants who did not disclose a religious affiliation or position.

21.     Additionally, the Defendant failed to apply policies consistently between the Plaintiffs and other similarly situated employment applicants.

22. The Plaintiffs assert that there is a causal connection between the Defendant's disparate treatment, discrimination, and adverse employment action and the Plaintiff's disclosure of his religious affiliation.

23. The Plaintiff would aver that the Defendant's reason for the adverse employment action taken against him was pre-textual and further, the Plaintiff was not hired due to his religion.

24. By failing to treat the Plaintiff similarly to his Christian counterparts and by taking not hiring the Plaintiff, the Defendant discriminated against the Plaintiff with respect to his terms, conditions, and privileges of employment because of or on the basis of religion, in violation of Tennessee Code Annotated § 4-21-401(1).

## COUNT II
## NEGLIGENT HIRING, RETENTION AND SUPERVISION PRACTICES

25. Allegations 1 – 24 are hereby incorporated herewith. In the alternative, the Plaintiff asserts that the Defendants are guilty of negligent hiring and retention practices.

26. At all relevant date and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents, and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminatory behavior; (b) the Defendant's unwelcome comments, actions, and omissions culminated in Plaintiff's failure to be hired, a tangible employment action; (c) the Defendant failed to promulgate an anti-discrimination policy with a complaint procedure in place; (d) the Defendant did not properly train the Plaintiff's supervisor and/or management regarding the Defendant's policies towards a workplace free of discrimination; (e) the Defendant had a duty to properly supervise its employees and agents.

27.     The Plaintiff asserts personal injuries and damages arising out of the Defendant's negligent hiring, supervision and retention of the Defendant's employees.

28.     At the Defendant's Nashville, Tennessee location, there was a breach of the Defendant's duty to supervise its employees and agents. Among other employees, the persons hired for the management positions participated in and condoned discriminatory practices. The Defendant negligently hired and appointed supervisors and managers who perpetuated discriminatory practices.

29.     At all relevant dates and times as set forth herein, Defendant was liable for its agents and employees actions and inappropriate conduct because, (a) their unwelcome comments and actions culminated in the failure to hire the Plaintiff, a tangible employment action; (b) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (c) the Defendant failed to promulgate an anti-discrimination policy with a complaint procedure in place; and (d) the Defendant improperly discriminated against the Plaintiff after agents perused his online blog.

30.     The Defendant further failed to properly train and supervise its employees on preventing and avoiding discriminatory practices.

31.     The Defendant further failed to supervise their management and non-management staff and employees to prevent, discover or correct discriminatory practices that were taking place and/or correct these issues once reported.

32.     The Plaintiff sustained injury as a result of the Defendant's negligent hiring and retention practices while he applied for employment with the Defendant.

33.     There is a proximate causal relationship between the Defendant's failure to supervise its employees and the injury sustained by the Plaintiff.

## APPLICABLE TO ALL COUNTS

34.    Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act, Tennessee Code Annotated § 50-1-304 and negligent practices.

35.    Plaintiff will continue to suffer direct pecuniary losses as a result of the

36.    Defendant's culpable acts of omissions as set forth herein, the Defendant's violation of the Tennessee Human Rights Act and negligent practices.

37.    Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary loses.

38.    Plaintiff further submits that the Defendant has acted: (a) intentionally and/or (b) maliciously, and/or (c) recklessly and that the Plaintiff is entitled to punitive damages.

39.    As a result of the discrimination, the Plaintiff has suffered embarrassment and humiliation, emotional distress, pain and suffering, incidental expenses, lost wages and lost earning capacity.

40.    As a result of the Defendant's culpable acts or omissions set forth herein, the Plaintiff was improperly discriminated against by the Defendant and is entitled to compensation for compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other incidental damages non-pecuniary loses, and for punitive damages. Plaintiff submits he is entitled to a workplace free of discrimination.

**WHEREFORE PLAINTIFF PRAYS:**

      a.      the Plaintiff be awarded compensatory damages in an amount to be determined by the Trier of Fact;

      b.      the Plaintiff be awarded punitive damages in an amount to be determined by the Trier of Fact;

      c.      that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

      d.      that the Court award the Plaintiff such other, further, general and different relief to which he may be entitled;

      e.      that the costs of this action be taxed against the Defendant for which execution may issue; and

      f.      for general relief.

Respectfully submitted,

Nina H. Parsley, BPR #023818
Michael D. Ponce & Associates, PLLC
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776
nina@poncelaw.com

# IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

JOHN DIFFENDERFER,        )
                           )
      Plaintiff,          )
                           )
v.                         )
                           )    Case No. 18C1623
HCA HEALTHCARE, INC.,      )
                         )    JURY DEMAND
      Defendant.      )
                           )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO THE DEFENDANT

I herewith serve upon the Defendant, the following written Interrogatories and Request for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within thirty days (30) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)     As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)     As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or

more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)     As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)     If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

## INTERROGATORIES

1.      Please identify the names, addresses and phone numbers of all persons who are assisting you in the preparation of these responses.

**ANSWER:**


2.      Please identify the names, addresses and phone numbers of any and all persons who possess knowledge of Plaintiff's denial of employment with HCA including, but not limited to the names of all persons employed by the Defendant who were involved in the decision to not hire Plaintiff as an employee.

**ANSWER:**


3.      Please identify the position the Plaintiff applied for with the Defendant and its compensation and job qualifications.

**ANSWER:**


4.      Please set forth any and all reasons why the Plaintiff was denied employment at HCA.

**ANSWER:**


5.      Please state the name(s) of the Defendant's employee(s) who made the decision to not hire Plaintiff as an employee.

**ANSWER:**

6. Please indicate all statements made to and/or by Plaintiff regarding the failure to hire him as an employee at HCA.

ANSWER:

7. Please list each and every reason Plaintiff was not hired as an employee of HCA in or around August 2017.

ANSWER:

8. Please list any and all experts the Defendant anticipates calling as a witness at trial and for each expert please list the following:

    A. the subject matter on which said expert is expected to testify;

    B. the substance of the facts and opinions to which said expert is expected to testify; and

    C. state a summary of the grounds for each opinion to which said expert is expected to testify.

ANSWER:

9. At the time Plaintiff was denied employment at HCA, in or around August 2017, please state whether he was on probation, suspension or had any other employment status which jeopardized his future employment with HCA.

ANSWER:

10.     Please state whether the Plaintiff had violated any company policy or procedure prior to the failure to hire him as a permanent employee, in or around June, 2016. If the answer is affirmative, please clearly state the policy or procedure which was violated and whether she was warned or written up for the violation. If the Plaintiff was warned or written up for the violation, please state the date and time of the write-up or verbal warning.

ANSWER:


11.     Please state whether a judgment for punitive damages has ever been awarded against the Defendant. If so, please state the caption and style of the lawsuit.

ANSWER:


12.     Please state whether the Defendant has ever been sued for religious discrimination.

If the answer is yes, please state:

(A) the caption and style of the lawsuit;

(B) the state and county where the lawsuit was filed;

(C) the docket number of the lawsuit;

(D) the disposition of the lawsuit.

ANSWER:

13.     Please state the names of any and all persons who have been terminated and/or denied employment by the Defendant in the past five (5) years who were diagnosed who identified as Christian or were in a protected group.

        ANSWER:


14.     Please identify any and all compensation and employment benefits which the Plaintiff would have been qualified to receive as an employee of the Defendant HCA.

        ANSWER:


15.     List any and all witnesses you plan to call and any exhibits you plan to use at the time of trial.

        ANSWER:


16.     Please identify when and how the Defendant first became aware of the Plaintiff's online blog.

        ANSWER:


17.     List all applicants who applied for the same position and state whether or not they were interviewed. List whether any religious affiliation was disclosed or discovered.

        ANSWER:


18.     Who was hired for the position for which the Plaintiff applied?

**ANSWER:**

19. Explain what was meant when the recruiter had admitted that the Plaintiff didn't "fit in with the culture?"

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Please make copies of financial data reflecting the Defendant's market value and the Defendant's profit for the past ten years.

ANSWER:


2.      Please provide copies of any and all documents, memoranda, reports, forms, letters, correspondence, notes, and recorded statements regarding the Plaintiff's application for employment at HCA.

ANSWER:


3.      Please provide copies of any and all policies or procedures (in handbooks, memos bulletins, reports or manuals) of Defendant regarding the employment of persons and their religious beliefs.

ANSWER:


4.      Please produce copies of any reports, notes or memoranda generated or relied upon by any Rule 26 Experts consulted by the Defendant.

ANSWER:


5.      Please produce copies of any and all lawsuits filed against the Defendant in the past ten years regarding alleged discriminatory practices.

ANSWER:

6.     Please produce any and all documents, records, reports, memoranda, forms, payroll data, applications, computer data and computer records which are associated or related to any and all compensation and employment benefits which the Plaintiff was qualified to receive as a permanent employee of the Defendant.

ANSWER:

7.     Please provide a job description of the position for which the Plaintiff was applying.

ANSWER:

8.     Please produce a copy of any recording, video tape, CD or DVD reflecting the Plaintiff's denial of employment at HCA.

ANSWER:

9.     Please produce a complete copy of Plaintiff's personnel file.

ANSWER:

10.    Please produce a copy of all files kept by Defendant on Plaintiff.

ANSWER:

11.    Please produce a copy of all exhibits the Defendant may use or rely upon at trial.

      **ANSWER:**

12.    Please produce a copy of any and all documents and items you may use as exhibits at the trial of this matter.

      **ANSWER:**

13.    Please produce a copy of all documents, recordings, electronic messages or transcripts, etc., which involve, reference, refer to or effected;

      a)      the Plaintiff, in any context,

      b)      Plaintiff's religion or online persona,

      d)      The Plaintiff's failure to hire.

      **ANSWER:**

14.    Provide all employment applications and documents for persons identified in Interrogatories #17 & 18.

      **ANSWER:**

15.    Produce any results generated from the application process and/or interview process with the Plaintiff.

      **ANSWER:**

16.     Produce any results generated from the application process and/or interview process with any persons identified in Interrogatories #17 & 18.

     **ANSWER:**

## REQUEST FOR ADMISSIONS

Come now the Plaintiff, by and through undersigned counsel, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, and hereby request that HCA Healthcare, Inc. admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1.      Admit that Plaintiff applied for employment at HCA in or around August 2017.

RESPONSE:


2.      Admit that Plaintiff was denied employment at HCA because he was perceived to diverge from the company's "culture."

RESPONSE:


3.      Admit that the Plaintiff was completely qualified for the position for which he applied in or around August 2017.

RESPONSE:


4.      Admit that HCA denied the Plaintiff a position on or about August 7, 2017.

RESPONSE:

## <u>OATH</u>

**STATE OF** _____ )

**COUNTY OF** _____ )


        I, _____, being first duly sworn, hereby depose and say

that the answers to the foregoing Interrogatories and Request for Production of

Documents are true to the best of my knowledge and belief.



_____
Signature


_____
Print


_____
Job Title


Sworn to and subscribed before me this the ___ day of _____, 2018.


_____
NOTARY PUBLIC

My Commission Expires: _____

Respectfully submitted,

Nina Parsley, BPR# 23818
Michael D. Ponce & Associates
Attorney for Plaintiff
1000 Jackson Road, Ste. 225
Goodlettsville, TN 37072
(615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendant.

On this the 21st day of _____June_____, 2018.

Nina Parsley